UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RAYMOND ELLIS TEAGUE, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA, and MINNEHAHA COUNTY JAIL MEDICAL,<br><br>Defendants. | 4:21-CV-04030-KES<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING FOR DISMISSAL |

Plaintiff, Raymond Ellis Teague, Jr., an inmate at the Minnehaha County jail, filed a pro se lawsuit under 42 U.S.C. § 1983. Docket 1. Teague moves for leave to proceed in forma pauperis and provided the court with his prisoner trust account report. Dockets 3, 4.

I.  **Motion to Proceed Without Prepayment of Fees**

Teague reports average monthly deposits of $32.81 and an average monthly balance of $10.93. Docket 4. Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). " '[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Henderson v. Norris*, 129

F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Based on the information regarding Teague's prisoner trust account, the court grants Teague leave to proceed without prepayment of fees and waives the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Teague must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate

2

financial official at Teague's institution. Teague remains responsible for the entire filing fee, as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II. 1915A Screening

### A. Factual Background

The facts alleged in Teague's complaint are: that on December 12, 2020, Teague had a boil under his buttocks. Docket 1 at 4. The boil burst and MRSA spread to his penis. *Id.* On January 10, 2021, Teague was treated at Avera McKennan hospital. *Id.* He claims his penis had to be cut open and drained. *Id.* Teague ran a high fever and could not sit down properly. *Id.* Teague asserts that the MRSA and resulting treatment could have been avoided and seeks punitive damages. *Id.*

### B. Legal Standard

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "[are] (1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

C.     **Legal Analysis**

First, Teague sues the state of South Dakota. The Eleventh Amendment generally bars claims brought against a state, state agency, or state officials in their official capacities unless Congress has abrogated the state's immunity, or the state has expressly waived its immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *see also Christensen v. Quinn*, 45 F. Supp. 3d 1043, 1059 (D.S.D 2014). Congress must make its intention to abrogate the states' constitutionally secured immunity "unmistakably clear in the language of

the statute." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 242 (1985). 42 U.S.C. § 1983 did not abrogate immunity under the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979); *see also Larson v. Kempker*, 414 F.3d 936, 939 n.3 (8th Cir. 2005). Teague's claim against the state of South Dakota is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

Next, Teague sues "Minnehaha County Jail Medical." Docket 1. "[C]ounty jails are not legal entities amenable to suit." *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). It appears that Teague is trying to sue the medical division within the jail. *See* Docket 1. Because county jails are not amendable to suit, Teague's claim against "Minnehaha County Jail Medical" is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).[1] Teague's compliant is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

Thus, it is ORDERED:

1. That Teague's motion for leave to proceed in forma pauperis (Docket 3)

---

[1] If Teague's named defendants were individuals that were responsible for his medical care in Minnehaha County jail, Teague's alleged facts could be liberally construed as an Eighth Amendment claim for deliberate indifference of a serious medical need. To support this claim Teague must allege facts to show that he had a serious medical need, "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Teague must also show that the individuals were deliberately indifferent to his serious medical need, which can be shown by the individuals' response or an intentional denial or delay of "treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Where Teague has adequately alleged that he had a serious medical need, he has not alleged sufficient facts to show that individuals were deliberately indifferent to his serious medical need.

is granted.

2. That the institution having custody of Teague is directed that whenever the amount in Teague's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to the Teague's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid in full.

3. That Teague's complaint is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

Dated March 15, 2021.

>BY THE COURT:
>
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> UNITED STATES DISTRICT JUDGE